1    Jack P. Burden, Esq.
Nevada State Bar No. 6918

2    Xiao Wen Jin, Esq.
Nevada State Bar No. 13901

3    **BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive

4    Las Vegas, NV 89117
T: (702) 872-5555

5    F: (702) 872-5545
jburden@backuslaw.com

6    shirleyjin@backuslaw.com
Attorneys for Defendant *Albertson's LLC*

7

           **UNITED STATES DISTRICT COURT**

8                **DISTRICT OF NEVADA**

9    RICHARD DOAN SNELL,

10              Plaintiff,

11      vs.

12    ALBERTSON'S LLC,

13            Defendant.

14

15                   **NOTICE OF REMOVAL**

Defendant Albertson's LLC ("Defendant"), by and through its counsel of record, BACKUS,

16 CARRANZA & BURDEN, hereby files this instant notice of removal of this action to the United

17 States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

18 and in support thereof, states as follows:

19                        **I.**

20         **FACTUAL AND PROCEDURAL HISTORY**

21       1.      Plaintiff RICHARD DOAN SNELL ("Plaintiff") is and was a resident of the State

22 of Nevada; and is therefore a citizen of Nevada for purposes of diversity. *See* Complaint filed in

23 the Eighth Judicial District Court for Clark County, Nevada, at ¶1, attached as Exhibit A.

24       2.      Defendant Albertson's LLC is a company organized, existing, and doing business

25 under and by virtue of the laws of the State of Delaware, with its headquarters and principal place

of business in the State of Idaho, and is therefore a citizen of Delaware and Idaho for purposes of diversity.

3.      Plaintiff's Complaint was filed in the Eighth Judicial District Court for Clark County, Nevada on or about March 13, 2020. *See* Exhibit A.

4.      The Summons and Complaint were served on Defendant on March 16, 2020. *See* Summons, attached as Exhibit B.

5.      Plaintiff's action alleges that on or about November 23, 2019, he slipped and fell at an Albertson's grocery store located at 1940 Village Center Circle, Las Vegas, Nevada. *See* Exhibit A at ¶¶5-10.  Plaintiff asserts causes of action for Negligence and Corporate Negligence/Vicarious Liability. *Id*. at ¶¶21-41

6.      In his Complaint, Plaintiff claims that "[a]s a result of his fall, Plaintiff incurred medical bills in excess of $200,000.00" *Id*. at ¶16.

## II.
## DIVERSITY JURISDICTION

7.      Pursuant to 28 U.S.C. 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different states."  *See* 28 § U.S.C. 1332(a).

8.      Pursuant to 28 U.S.C. § 1332(a)(1), this case may be removed to United State District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

9.      There is complete diversity in this matter as Plaintiff is a citizen of Nevada and Defendant is a citizen of Idaho and Delaware.

10.      Further, the amount in controversy exceeds $75,000 as Plaintiff claims that he incurred medical bills in excess of **$200,000.00** as a result of his fall.

11.      Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

12.     Defendant respectfully requests this matter be removed to the United States District Court for the District of Nevada.

### III.
### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13.     28 U.S.C. § 1446(b)(1) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

14.     This instant Notice for Removal is timely filed within 30 days after Defendant's receipt of Plaintiff's Complaint on March 16, 2020. *See* Exhibit A.

15.     In addition, 28 U.S.C. § 1446(c)(2)(A)(ii) provides that for removal based on diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy except when the initial pleading seeks a monetary judgment, but the State practice, such as in Nevada, either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

16.     This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and there is more than $75,000 in controversy, exclusive of interest and costs.

17.     Pursuant to the 28 U.S.C. § 1441, this action is one which may be removed to this Court.

18.     Pursuant to 28 U.S.C. § 1446(c)(1), the date for this removal is not more than one year after the March 13, 2020 commencement of the state court action.

19.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), there is only one defendant in this case who

3

1    filed this instant notice of removal.

2         20.    A true and correct copy of this Notice of Removal will be filed with the Clerk for

3    the Eighth Judicial District Court, Clark County, Nevada.

4         21.    Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and

5    orders served upon Defendant in the state court are attached hereto. *See* Complaint attached as

6    Exhibit A and Summons attached as Exhibit B.

7         22.    Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant is entitled to

8    remove this action to this Court.

9                                      **PRAYER**

10        23.    WHEREFORE, Defendant prays that the above-entitled action be removed from

11   the Eighth Judicial District Court in and for Clark County, Nevada.

12        DATED this 1st day of April, 2020.

13                                 Respectfully Submitted,

14                                 **BACKUS, CARRANZA & BURDEN**

15

16                                 By: /s/ Jack P. Burden
                                       Jack P. Burden, Esq.
                                       Xiao Wen Jin, Esq.
17                                     3050 South Durango Drive
                                       Las Vegas, NV 89117
18                                     Attorneys for Defendant
                                       *Albertson's LLC*

19

20

21

22

23

24

25

                                        4

**<u>CERTIFICATE OF SERVICE</u>**

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On April 1, 2020, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY CM/ECF SYSTEM:** by transmitting via the United States District Court's CM/ECF System to the following individuals for which such service is designated on the Service List.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| Gerald I. Gillock, Esq.<br>MICHAEL H. COGGESHALL, ESQ.<br>GERALD I. GILLOCK & ASSOCIATES<br>428 South Fourth Street<br>Las Vegas, NV 89101<br>T: (702) 385-1482<br>F: (702) 385-2604<br>gillock@gmk-law.com<br>mcoegeshall@2mk-law.com | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic Means |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Anne Raymundo
An employee of BACKUS, CARRANZA & BURDEN