# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
3/13/2020 12:19 PM
Steven D. Grierson
CLERK OF THE COURT

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
MICHAEL H. COGGESHALL, ESQ.
Nevada Bar No. 14502
GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, NV 89101
Telephone: (702) 385-1482
Facsimile: (702) 385-2604
E-mail: gillock@gmk-law.com
mcoggeshall@gmk-law.com

*Attorneys for Plaintiff*

CASE NO: A-20-812285-C
Department 32

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RICHARD DOAN SNELL,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, LLC, d/b/a ALBERTSON'S a Foreign Limited-Liability Company; DOE MAINTENANCE EMPLOYEE, I-V; DOE EMPLOYEE, I-V; DOE JANITORIAL EMPLOYEE, I-V; DOE OWNER, I-V; ROE OWNER, I-V; ROE EMPLOYER; and ROE COMPANIES, I-X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>ARBITRATION EXEMPTION CLAIMED:<br>CLAIMS IN EXCESS OF $50,000.00 |

COMES NOW, Plaintiff, RICHARD DOAN SNELL, by and through his attorneys of record, GERALD I. GILLOCK, ESQ. and MICHAEL H. COGGESHALL, ESQ., of the law offices of GERALD I. GILLOCK & ASSOCIATES and for his causes of action against the Defendants, and each of them, alleges as follows:

///

///

1 of 9

1. That Plaintiff, RICHARD DOAN SNELL (hereinafter referred to as "Plaintiff"), individually, is, and was at all relevant times hereto, a resident of the State of Nevada, County of Clark.

2. Upon information and belief, at all times relevant to this action, Defendant ALBERTSON'S, LLC, d/b/a ALBERTSON'S (hereinafter "Albertson's") is a foreign Limited-Liability Company licensed to do business in the State of Nevada and was doing business in the County of Clark, State of Nevada.

3. Upon information and belief, that at all times relevant to this action, Defendants DOE OWNER, ROE OWNER, ROE EMPLOYER, and ROE COMPANY is a resident of Clark County Nevada or an entity licensed to do business in the State of Nevada and was doing business in the County of Clark, State of Nevada.

4. Upon information and belief DOE EMPLOYEE, DOE MAINTENANCE EMPLOYEE, and DOE JANITORIAL EMPLOYEE was at all times relevant to this action a resident of Clark County, Nevada, and was acting within the course and scope of their employment for Defendant ALBERTSON'S and/or DOE OWNER and/or ROE OWNER and/or ROE EMPLOYER and/or ROE COMPANY.

5. Upon information and belief ALBERTSON'S and/or DOE OWNER and/or ROE OWNER is the owner of the property located at 1940 Village Center Circle, Las Vegas, NV 89134 and is a resident of Clark County, Nevada or an entity licensed to do business in the State of Nevada. ALBERTSON'S operated the property located at 1940 Village Center Circle, Las Vegas, NV 89134.

///

///

6. Upon information and belief ROE EMPLOYER employs Defendants, and each of them, is a Nevada Corporation and/or a foreign corporation licensed to do business in Nevada and was directing the actions of DOE MAINTENANCE EMPLOYEE and/or DOE EMPLOYEE and/or DOE JANITORIAL EMPLOYEE at the time of the incident described herein.

7. That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOE MAINTENANCE EMPLOYEE, I-V; DOE EMPLOYEE, I-V; DOE JANITORIAL EMPLOYEE, I-V; DOE OWNER, I-V; ROE OWNER, I-V; ROE EMPLOYER; and ROE COMPANIES, I-X, inclusive, are unknown to Plaintiff who therefore sues those Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE and ROE are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES and ROES, when the same have been ascertained, and to join such Defendant(s) in this action.

8. At all relevant times, Defendants, and each of them, were the agents, ostensible agents, servants, employees, employers, partners, co-owners and/or joint venturers of each other and of their co-defendants, and were acting within the color, purpose and scope of their employment, agency, ownership and/or joint ventures and by reason of such relationships the Defendants, and each of them, are vicariously and jointly and severally responsible and liable for the acts and/or omissions of their co-Defendants.

///

///

///

# I.
# GENERAL ALLEGATIONS

9. On or about November 23, 2019, Plaintiff was an 86-year-old man with no significant prior medical history. Plaintiff was fully independent.

10. On or about November 23, 2019, shortly after entering Defendant Albertson's premises, Plaintiff slipped on a puddle near a refrigeration unit. The puddle and refrigeration unit were near the entrance of the facility.

11. After slipping in the puddle, Plaintiff was rushed to Mountainview Hospital's Emergency Room via ambulance.

12. While at the hospital, Mr. Snell was diagnosed with left intertrochanteric femur fracture and was admitted to Mountainview's neuro ICU for monitoring and pain management. Plaintiff underwent hemiarthroplasty to repair his fractured hip the next day.

13. After surgery, Plaintiff was discharged to Mountainview's physical therapy facility. Plaintiff was evaluated by physical therapists, who recommended admission to an inpatient acute rehabilitation because Plaintiff's level of function was significantly lower after his slip injury.

14. Plaintiff remained at Mountainview's acute inpatient rehab facility for 16 days. While there, he was unable to make a full recovery.

15. As a result of his hip fracture, Plaintiff is no longer living independently and he never again will.

16. As a result of his fall, Plaintiff incurred medical bills in excess of $200,000.00.

17. That upon information and belief, Defendants, ALBERTSON'S and/or DOE MAINTENANCE EMPLOYEE and/or DOE EMPLOYEE and/or DOE JANITORIAL EMPLOYEE and/or DOE OWNER and/or ROE OWNER and/or ROE EMPLOYER and/or ROE

GERALD I. GILLOCK & ASSOCIATES
428 South 4th Street
Las Vegas, Nevada 89101

COMPANY and each of them, were the owners, operators or lessees of the property located at 1940 Village Center Circle, Las Vegas, NV 89134 (the "Premises") and occupied, operated, maintained or controlled the Premises where it/they actively operated a hotel and casino.

18. That on or about November 23, 2019, the Defendants, and each of them, owed Plaintiff a duty to keep the premises reasonably safe for its intended use as a store.

19. Defendants' conduct was negligent for failing to review, supervise or implement other quality control assurance programs, failing to replace the flooring or provide a non-slip surface and/or slip resistant surface and/or mats in this area and likewise was negligent in hiring, training and/or supervising the staff who failed to appropriately maintain the area at or near the refrigeration unit where Plaintiff was injured and provide a safe environment in order to avoid causing injury to Plaintiff.

20. That Defendants, and each of them, so carelessly and negligently created, owned, controlled, inspected, repaired, serviced and maintained the area at or near the refrigeration unit where Plaintiff slipped and/or slid and fell in an improper, negligent and dangerous condition so as to cause Plaintiff to fall and sustain injuries and failed to adequately warn Plaintiff, and as a proximate result thereof, Plaintiff was seriously injured.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

21. Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 19, inclusive, and incorporate the same as though fully set forth herein.

22. That Defendants, and each of them, owed to Plaintiff a duty of reasonable care in creating, controlling, inspecting, servicing, repairing and maintaining the subject area where Plaintiff slipped and/or slid and fell in a safe condition and in failing to warn the general public,

including Plaintiff, of a dangerous condition that existed.

23. That Defendants, and each of them, breached the duty they owed to Plaintiff by so carelessly and negligently creating, installing non-slip and/or slip resistant flooring, owning, controlling, inspecting, repairing, servicing and maintaining the subject area at or near the refrigeration unit where Plaintiff slipped and/or slid and fell in such a condition so as to be unsafe for its foreseeable users and failing to adequately warn of a the dangerous condition that existed, which breach proximately caused Plaintiff to become seriously injured.

24. Upon information and belief, the incident as described herein was foreseeable to Defendants, and each of them, as Defendants were on notice of a prior incident or incidents involving slips and/or falls at or near refrigeration units and in areas where liquid or debris was on the floor and this same and/or similar flooring was used and/or where Plaintiff slipped and/or slid and fell and Defendants knew that the condition of the flooring was such that it was not slip resistant and could cause individuals to fall if liquids or spills were to occur.

25. Such actions and/or omissions on the part of the Defendants, and each of them, by and through their employees, were careless and negligent and were the proximate cause of Plaintiff's injuries and damages.

26. That as a direct and proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff incurred expenses for medical care and treatment and will continue to incur such expenses in the future in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

27. That as a further result of Defendants' negligent acts and/or omissions, Plaintiff has suffered general and special damages including, but not limited to, emotional distress, pain and suffering, and medical damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

28. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

29. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

30. As a further result of Defendants' conduct, Plaintiff has had to retain the services of attorneys in this matter, and therefore seek reimbursement of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## CORPORATE NEGLIGENCE/VICARIOUS LIABILITY

31. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

32. ALBERTSON'S and/or DOE and ROE Defendants, had and have a non-delegable duty and are directly and vicariously liable for damages resulting from their employees, independent contractors, contracting companies, subcontractors, agents and/or servants' negligent actions against Plaintiff occurring during the scope of their agency or employment for the failure to install non-slip flooring and/or slip resistant flooring, failing to warn of the dangerous condition, failing to inspect and/or maintain the Premises from any and all hazardous conditions.

33. Defendants, and each of them, by and through its employees, agents, ostensible agents and/or servants breached their duty of care by failing to put into place safety protocols when they knew or should have known that Plaintiff was at risk for injury.

34. Defendants, and each of them, are liable for their employees, contracting companies, agents and/or servants breach of duty to the Plaintiff.

///

35. That Defendants' direct negligent acts and/or omissions resulted in Plaintiff's injuries and subsequent surgeries.

36. Defendants knew the area at or near the refrigeration unit where Plaintiff slipped and/or slid and fell was hazardous and knew the area was adjacent to food and beverage vendors and that people would carry liquids in this area that were reasonably known to spill and likely to having liquid and/or food spilled on the floor and knew of the danger of allowing liquid and/or food to remain on the floor.

37. That as a further direct and proximate result of Defendants' negligent acts and/or omissions, Plaintiff endured pain and suffering.

38. As a further result of Defendant's negligence, Plaintiff has incurred great pain and suffering, mental anguish, emotional distress, and inconvenience in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

39. That Plaintiff has incurred expenses for medical care and treatment and will continue to incur such expenses in the future in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

40. That said defects were the proximate cause of Plaintiff's injuries in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

41. That as a further direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff has had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred therein.

///

///

///

WHEREFORE, Plaintiff prays for relief from the Defendants, and each of them, as follows:

1. For general damages in excess of Fifteen Thousand Dollars ($15,000.00);

2. For special damages in excess of Fifteen Thousand Dollars ($15,000.00);

3. For Plaintiff's costs and disbursements of this suit;

4. For reasonable attorneys' fees incurred herein, and

5. For such and further relief as this Court may deem just and equitable in the premises.

DATED this 13th day of March, 2020.

GERALD I. GILLOCK & ASSOCIATES

By: _____
GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
MICHAEL H. COGGESHALL, ESQ.
Nevada Bar No. 14502
428 South 4th Street
Las Vegas, NV 89101

*Attorneys for Plaintiff*